

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 31, 1957

Honorable A. W. Walker
County Attorney
Spur Security Bank Building
Spur, Texas

Opinion No. WW-203

Re: Construction of Section
10 of the Adult Probation
and Parole Law of 1957,
Acts 55th Legislature,
1957, ch. 226, p. 466.

Dear Sir:

You have presented for our determination the following question, which we quote from your letter of July 1, 1957:

"If a District Judge does not appoint a probation officer under the provisions of Section 10 of the Adult Probation and Parole Law of 1957, may he appoint any of the peace officers or other persons designated in Section 31 of the Act as a probation officer in any cases arising after the effective date of the Adult Probation and Parole Law of 1957?

"To make my question clear, may I direct your attention to the provisions of Section 10 of the Act in question which provide for the qualifications which a person must possess in order to be eligible for appointment as a probation officer. You will note, of course, that the section in question in part provides that 'persons who are serving in such capacities at the time of the passage of this Act and who are not otherwise disqualified by Section 31 of this Act, shall be eligible for appointments as probation officers;' and you will further note that Section 31 of the Act provides, in substance, that no peace officer or other person engaged in the prosecution of criminal cases (naming the various officers) 'shall act as a parole officer or be responsible for the supervision of persons on parole.' Under the provisions of the Adult Probation and Parole Law of 1947 (Article 781b, CCP) the District Judge of our district has always appointed the Sheriff of the county where the case is tried as the probation officer in cases where probation has been granted to the

defendant and such Sheriffs are now serving
as probation officers in a great many cases
and will be serving in such capacity on the
effective date of the Adult Probation and
Parole Law of 1957. It has been suggested
to me that by the terms and provisions of
Sections 10 and 31 of the new Adult Proba-
tion and Parole Law of 1957 our District
Judge will be forced to discontinue the
practice of appointing Sheriffs or any of
the other persons designated in Section 31
as probation officers after August 22nd, 1957,
the effective date of the new law, regardless
of whether or not he appoints a probation of-
ficer under the provisions of Section 10 of
the Act. If this construction of the law is
correct, as a practical matter it will force
a District Judge, with the advice and con-
sent of the Commissioners Court, to appoint a
probation officer under the provisions of
Section 10 of the Act because no private citi-
zen is going to accept appointment as a pro-
bation officer in any case where he is to re-
ceive no compensation for his services. On
the other hand, it has been suggested to me
that the limitation contained in the words
'who are not otherwise disqualified by Sec-
tion 31 of this Act' applies only in the event
the District Judge, with the advice and con-
sent of the Commissioners Court, appoints a
probation officer under the provisions of Sec-
tion 10 of the law and that if the District
Judge does not exercise the authority granted
him by the law and does not appoint a paid
probation officer, he may continue the same
practice followed by him under the Adult Pro-
bation and Parole Law of 1947 above set out."

Section 10 of the Adult Probation and Parole Law
of 1957, (Acts 55th Legislature, 1957, ch. 226, p. 466) on
which your problem is based, reads as follows:

"Sec. 10. For the purpose of providing
adequate probation services, the judge or
judges having original jurisdiction of crimi-
nal actions in the county or counties, if appli-
cable, are authorized, with the advice and
consent of the Commissioners Court as hereinaf-
ter provided, to employ and designate the titles

and fix the salaries of probation officers, and such administrative, supervisory, stenographic, clerical, and other personnel as may be necessary to conduct pre-sentence investigations, supervise and rehabilitate probationers, and enforce the terms and conditions of probation. Only those persons who have successfully completed education in an accredited college or university and two years full time paid employment in responsible probation or correctional work with juveniles or adults, social welfare work, teaching or personnel work; or persons who are licensed attorneys with experience in criminal law; or persons who are serving in such capacities at the time of the passage of this Act and who are not otherwise disqualified by Section 31 of this Act, shall be eligible for appointments as probation officers; provided that additional experience in any of the above work categories may be substituted year for year for the required college education, with a maximum substitution of two years."

This section prescribes the qualifications for probation officers, and constitutes the only reference to Section 31 of the Act in the section of the Act on "Probation". Section 31 prohibits certain named law enforcement officers and prosecuting attorneys from serving as parole officers.

The solution to the question which you pose depends on the applicability of the clause ". . . and who are not otherwise disqualified by Section 31 of the Act, . . .". Does this provision apply to all probation officers appointed under the Act?

We think that the above quoted provision is to be applied to all persons qualifying as probation officers. It is our opinion that it was the intention of the Legislature that the peace officers and prosecuting attorneys listed in Section 31 should not serve in such positions and at the same time serve as a probation officer.

We reach the above conclusions because the Legislature has imposed the prohibition of Section 31 on persons serving as parole officers under the Act, and it appears to us it attempted, by use of the above quoted clause, to do so as to probation officers also. Section 6 of Article 10, Vernon's Civil Statutes, provides that in interpreting statutes, the intention of the Legislature is to be sought. To hold otherwise than we have in this instance would frustrate what

we believe to be the intention of the Legislature, and would result in problems and injustices which could not have been desired by the Legislature.

Therefore, it is our opinion that persons holding the offices enumerated in Section 31 of the Act may not at the same time hold the office of probation officer under the Adult Probation and Parole Law of 1957.  (Acts 55th Leg. 1957, ch. 226, p. 466).  See Attorney General's Opinion WW-183.

You state that it has been the policy of the judge in your judicial district to appoint the sheriff of the county in which the defendant is sentenced, as probation officer, under the terms of the 1947 Act.  As for a continuation of the same practice followed by the court under the Adult Probation and Parole Law of 1947, we would point out that Section 35 of the Act expressly repeals Article 781b, Vernon's Code of Criminal Procedure, known as the Adult Probation and Parole Law of 1947.

As of August 22, 1957, the effective date of this Act, the Adult Probation and Parole Law of 1947 will be repealed and will no longer constitute authority for the appointment of probation officers.  Probation officers serving after August 22, 1957 will be subject only to the operation of the Adult Probation and Parole Law of 1957, and must be appointed under it.  Therefore, if a district judge does not choose to appoint a probation officer under the provisions of Section 10, of the Adult Probation and Parole Law of 1957, no other authority exists for the appointment of a probation officer.

## SUMMARY

Persons holding the offices named in Section 31 of the Adult Probation and Parole Law of 1957, may not at the same time hold the office of probation officer under such act.  Section 35, of the Adult Probation and Parole Law of 1957, repealed the Adult Probation and Parole Law of 1947, and the latter Act will not constitute a basis for the appointment of probation officers after the effective date of the Adult Probation and Parole Law of 1957.  After that date all probation officers must be appointed under the 1957 Act.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
Assistant

JHM:pf:wb

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman
J. C. Davis, Jr.
Grundy Williams
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL

BY:    Geo. P. Blackburn